SCOTT J. SAGARIA (BAR # 217981)
KYLE W. SCHUMACHER (BAR # 282427)
KSchumacher@sagarialaw.com
SAGARIA LAW, P.C.
3017 Douglas Blvd Suite 200
Roseville, CA. 95661
503-535-0620 ph
408-279-2299 fax

Attorney for Debtor/Plaintiff
Amanda Liston

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>**AMANDA LISTON,**<br><br>               Debtor.<br><br>---<br><br>**AMANDA LISTON,**<br><br>               Plaintiff,<br><br>  v.<br><br>**BRIDGE LENDING SOLUTIONS AND DOES 1 THROUGH 10,**<br><br>               Defendants. | Case No.: 18-50401-MEH<br><br>Adversary No.: 18-05024<br>AMENDED<br>Chapter 13<br><br>**WILLFUL AUTOMATIC STAY VIOLATION (11 U.S.C. §362(a)(6) AND §362(k))**<br><br><br><br>Judge:    Hon. Hammond |

//

//

//

//

## JURISDICTION

1. This Court has jurisdiction under the provisions of 28 U.S.C. §1334 because the automatic stay arises out of Title 11.

2. Debtor/Plaintiff Amanda Liston ("Plaintiff") filed for bankruptcy protection under Chapter 13 of Title 11 on February 27, 2018, in the Northern District of California, San Jose Division and assigned case number 18-50401.

3. Plaintiff is informed and believes, and thereon alleges, that Creditor/Defendant Bridge Lending Solutions ("Bridge") maintains its principle office at 597 Peace Pipe Road, Lac Du Flambeau WI 54538.

4. Venue is proper under 28 U.S.C. §1409(a) because Bridge mailed multiple collection letters to the Plaintiff after the filing of her chapter 13.

5. Bridge is aware that Plaintiff was under the protection of the automatic stay of bankruptcy under 11 U.S.C. §362(a)(6). Bridge received electronic notice of the §341(a) Meeting of Creditors and the Notice of Filing of the Chapter 13 Plan from the Bankruptcy Noticing Center ("BNC").

## NATURE OF CLAIM

6. Plaintiff's automatic stay claim is a core proceeding under 28 U.S.C. §15(b)(2) (see *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000); *In re Goodman*, 991 F.2d 613, 6117 (9th Cir. 1993)) and plaintiff consents to entry of final orders and judgments by the Bankruptcy Court in this adversary proceeding.

## FACTUAL ALLEGATIONS

7. This Complaint's allegations are based upon the personal knowledge of the Plaintiff's information and belief as to the acts and conduct of others.

8. This Complaint's allegations are based upon the personal knowledge of the Plaintiff's information and belief as to the acts and conduct of others.

9. Plaintiff filed her Chapter 13 bankruptcy case on February 27, 2018. The commencement of this case 'constitutes an order for relief.'

10. Bridge was sent actual notice of the automatic stay in Plaintiff's bankruptcy case from the BNC via first class mail.

11. Bridge sent multiple collection notices to Debtor between March 29, 2018 and May 16, 2018. The collection notices and text messages stated that $590.00 was past due and informed Debtor that further collection efforts would be taken if the amount was not paid.

12. The notices informed Debtor that Bridge would likely continue its collection efforts if a payment was not received.

13. The collection notice emphasized that Bridge would continue to attempt and collect on the debt and that Plaintiff's credit may be impacted if payment was not made or a settlement was not reached

14. Despite receiving notice that Plaintiff had filed bankruptcy and that the automatic stay in Plaintiff's case applied to Plaintiff's account with Bridge, Bridge still took action to collect against a debt that arose before the commencement of the bankruptcy case.

15. The collection notice sent by Bridge did not contain any type of disclaimer or notice that it recognized that the account was subject to a bankruptcy.

16. Bridge's conduct as alleged above caused Plaintiff significant stress, body tension, upset stomach, anxiety, and other emotional harm distinct from the inherent stress of the normal bankruptcy process.

## FIRST CLAIM FOR RELIEF

**(Violation of the Automatic Stay – 11 U.S.C. §362)**

17. Plaintiff incorporates paragraphs 1-16 of her complaint by reference.

18. 11 U.S.C. §362(a) imposed an affirmative duty to terminate all collection efforts against Plaintiff upon learning that she filed bankruptcy. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002).

19. Bridge's violation of 11 U.S.C. §362(a)(6) as alleged above was "willful" as that term is defined in the Ninth Circuit because their acts and omissions were intentional, they had prior actual knowledge of the automatic stay, their conduct was unreasonable, and any alleged mistake of law was not a defense.

20. Under 11 U.S.C. §362(k), Plaintiff is entitled to compensation for actual damages, proportional punitive damages, and reasonable fees and costs from Defendants in amounts to be decided by the Court.

WHEREFORE, Plaintiff requests for the court to grant relief for Plaintiff against Defendants as set forth below:

## PRAYER FOR RELIEF

After a stipulation or determination that Defendant willfully violated the automatic stay, Plaintiff seeks relief as follows:

Money Judgment in favor of Plaintiff against Defendant for actual damages and punitive damages, and for reasonable fees and costs incurred prosecuting this adversary proceeding.

**SAGARIA LAW, P.C.**

Dated: August 14, 2018     By:    */s/ Kyle W. Schumacher*
Kyle W. Schumacher
Attorney for Debtor/Plaintiff